IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DENNIS NGUYEN, )<br>)<br>Defendant. )<br>_____) | Case No. 1:21-cv-11667 |

## COMPLAINT

The United States of America, pursuant to the provisions of 31 U.S.C. § 3711(g)(4)(C), with the authorization of a delegate of the Secretary of the Treasury and at the direction of a delegate of the Attorney General, brings this civil action to obtain a money judgment against Dennis Nguyen for assessments made against him pursuant to 31 U.S.C. § 5321 based on his willful failure to disclose his interests in a foreign bank account as required by 31 U.S.C. § 5314 and its implementing regulations. The United States complains and alleges that:

### Jurisdiction and Parties

1. Jurisdiction over this action is conferred upon the district court by 28 U.S.C. §§ 1331, 1345, and 1355(a).

2. The Court may exercise personal jurisdiction over Nguyen because he resides in this District.

### Foreign Financial Account Reporting Requirements

3. Individuals who are citizens and residents of the United States must disclose, on an annual basis, any foreign financial accounts with an aggregate balance exceeding $10,000 in

which they have any interest or over which they have signature authority.  31 U.S.C. § 5314; 31 C.F.R. § 1010.350(a).

4. To fulfill this reporting requirement, a person must file a FinCEN Form 114 "Report of Foreign Bank and Financial Accounts," commonly known as an "FBAR."  For the years 2013 through 2015, each FBAR was due no later than June 30 of the following calendar year.  31 C.F.R. § 1010.306(c).  For the year 2016, under the Surface Transportation and Veterans Health Care Choice Improvement Act of 2015, Pub. L. No. 114-41, section 2006(b)(11), the FBAR due date was changed to April 15 of the following calendar year, with the availability of an automatic extension upon request until October 15.

5. A person who fails to timely file an FBAR is subject to a civil penalty, commonly known as an "FBAR Penalty," for each year at issue.  For willful violations, the maximum civil penalty for each non-reported year is the greater of $100,000 or 50% of the balance in the foreign account at the time of the violation.  31 U.S.C. § 5321(a)(5)(C).

6. The FBAR penalty is subject to interest and late-payment penalties.  31 U.S.C. § 3717.

**Nguyen's Undisclosed Foreign Accounts and Allegations Related to Willfulness**

7. Nguyen was born in Vietnam on May 4, 1954 and moved to the United States in 1981.  He became a citizen of the United States in 1986.

8. From 1997 until 2004, when the company went out of business, Nguyen was a 25% partner in L&N Packaging, Inc., a shipping and courier business.

9. In 2001, Nguyen entered into a banking relationship with the Swiss bank Julius Baer ("Julius Baer") that was managed by SwissPartners Investment Network A.G. ("SwissPartners").

10. In his account opening documents, Nguyen represented that the account was being funded with approximately $934,231 transferred from an account with UBS in Nassau, Bahamas.

11. Nguyen directed Julius Baer to open the account under the name "FULL MOON" rather than under his own name.

12. Nguyen directed Julius Baer not to send any correspondence to him at his address in the United States.

13. When opening his Julius Baer account, Nguyen also completed a declaration for U.S. account holders. That declaration required Nguyen to elect (a) to provide Julius Baer with an Internal Revenue Service ("IRS") Form W-9 so that Julius Baer could report to the IRS any income that Nguyen received from investing in U.S. securities, or (b) not to invest in U.S. securities through his Julius Baer account.

14. Nguyen elected not to invest in U.S. securities through his Julius Baer account. On the declaration, he signed his name below the option stating that "I do not authorize disclosure of my name and authorize you to sell all my U.S. assets with you in the course of the year 2000 and I am aware that you will not invest in U.S. securities in my account."

15. Nguyen's agreement with SwissPartners also included the special instruction, "[n]o US securities (direct investments)."

16. In 2004, Nguyen filed a no-assets Chapter 7 bankruptcy petition in the U.S. Bankruptcy Court for the District of Massachusetts. Nguyen's bankruptcy petition reported approximately $31,000 in assets against approximately $87,000 in liabilities.

17. Nguyen's bankruptcy petition did not disclose his control over the FULL MOON account or the funds maintained in that account.

18. Nguyen received a bankruptcy discharge on March 7, 2005.

19. Between July 2003 and February 2010, Nguyen transferred approximately $1,110,681.28 from the FULL MOON account to relatives in Vietnam including (a) $249,000 transferred to Nhuhien Thi Nguyen between July 4, 2003 and February 4, 2007; (b) $357,000 transferred to Chieu Thanh Tran between May 5, 2009 and February 16, 2010; (c) $200,300 transferred to Dien Thi Phuong Nguyen in December 2009; and (d) $300,400 to Thi Chung Nguyen in December 2009.

20. Nguyen closed the FULL MOON account in 2010.

21. In November 2012, Nguyen opened an account in his own name with the Vietnamese bank VietinBank.

22. Nguyen funded the VietinBank account with an initial deposit of 4 billion Vietnamese dong (VND), approximately $191,995.20 under applicable exchange rates.

23. Between 2012 and 2016, Nguyen's VietinBank account maintained an approximate U.S. dollar-equivalent balance between $187,552 and $213,116.

24. During the period between 2012 and 2016 period, Nguyen earned approximately $60,163 in interest income from the VietinBank account.

25. At all times during the 2013 tax year, Nguyen had a financial interest in, or signature or other authority over, the VietinBank account.  He nonetheless failed to file an FBAR disclosing that account by the due date of June 30, 2014.

26. Nguyen's failure to timely file an FBAR for the 2013 tax year was willful as that term is used in 31 U.S.C. § 5321(a)(5)(C).

27. At all times during the 2014 tax year, Nguyen had a financial interest in, or signature or other authority over, the VietinBank account. He nonetheless failed to file an FBAR disclosing that account by the due date of June 30, 2015.

28. Nguyen's failure to timely file an FBAR for the 2014 tax year was willful as that term is used in 31 U.S.C. § 5321(a)(5)(C).

29. At all times during the 2015 tax year, Nguyen had a financial interest in, or signature or other authority over, the VietinBank account. He nonetheless failed to file an FBAR disclosing that account by the due date of June 30, 2016.

30. Nguyen's failure to timely file an FBAR for the 2015 tax year was willful as that term is used in 31 U.S.C. § 5321(a)(5)(C).

31. At all times during the 2016 tax year, Nguyen had a financial interest in, or signature or other authority over, the VietinBank account. He nonetheless failed to file an FBAR disclosing that account by the due date of April 15, 2017.

32. Nguyen's failure to timely file an FBAR for the 2016 tax year was willful as that term is used in 31 U.S.C. § 5321(a)(5)(C).

33. For tax years 2013 through 2015, Nguyen engaged a CPA to file federal income tax returns on his behalf. Each of those returns included a Schedule B, "Interest and Ordinary Dividends." The Schedule B on each return reported interest and ordinary dividend income from domestic financial accounts but did not report any income from the VietinBank account.

34. In Nguyen's returns for tax years 2013 through 2015, the portion of Schedule B asking whether the taxpayer holds any interest in or signatory authority over any foreign financial accounts was marked to indicate that Nguyen did not have any interests in any foreign accounts.

35. Nguyen's 2016 federal income tax return, which he prepared with the help of a different tax preparer, did not include any Schedule B or otherwise report any interest or other income received from the VietinBank account.

36. On October 11, 2016, the IRS issued a summons to Nguyen requesting that he appear for an interview and produce documents relating to his ownership of foreign bank accounts.

37. On November 18, 2016, Nguyen and his counsel appeared for an interview, but Nguyen did not provide any documents at that interview.

38. Nguyen also refused to answer any of the IRS's questions, instead invoking his Fifth Amendment right against self-incrimination.

39. On December 17, 2017, the IRS issued a formal document request concerning Nguyen's foreign bank accounts.

40. Nguyen responded to the formal document request by letter from his counsel dated March 30, 2018. The only document included with the letter from Nguyen's counsel was a three-page "Registered Certificate of Deposits for Individual Customer" form relating to Nguyen's VietinBank account.

41. On December 18, 2018, the U.S. Department of Justice, on authorization from the Secretary of the Treasury, petitioned this Court under cause number 1:18-mc-91542-ADB for an order enforcing the summons.

42. On May 21, 2019, this Court, the Hon. D. Allison Burroughs presiding, granted the government's petition and ordered Nguyen to appear for deposition.

43. At that deposition, Nguyen admitted that he had signatory authority over the VietinBank account.

**FBAR Penalty Assessments**

44. On January 17, 2020, a delegate of the Secretary of the Treasury made the following assessments against Nguyen based on his willful failure to disclose his VietinBank account:

| Year | Assessed Amount |
|---|---|
| 2013 | $26,870 |
| 2014 | $25,565 |
| 2015 | $23,832 |
| 2016 | $23,733 |
| **Total** | **$100,000** |

45. A delegate of the Secretary of the Treasury properly sent Nguyen notice of his liabilities for the FBAR penalties describe in paragraph 44, above, and made demand for payment.

46. In addition to the principal amount of the assessments described in paragraph 44, above, Nguyen is liable for a late-payment penalty pursuant to 31 U.S.C. § 3717(e)(2) and 31 C.F.R. § 5.5(a), and interest accruing pursuant to law.

47. Despite the notice and demand for payment of the FBAR penalties, Nguyen has failed to pay the FBAR penalties. Accordingly, the amount due from Nguyen with respect to the assessments described in paragraph 44, above, plus late-payment penalty, interest and other statutory accruals through August 25, 2021, is $112,843.84. Late-payment penalties, interest, and statutory additions continue to accrue after August 25, 2021.

WHEREFORE, the United States seeks judgment against the defendant, Dennis Nguyen, in the total amount of $112,843.84, plus late-payment penalty, interest and other statutory additions accruing after August 25, 2021, and any such other and further relief deemed appropriate by the Court.

Dated: October 13, 2021

        Respectfully submitted,

        DAVID A. HUBBERT
        Acting Assistant Attorney General
        Tax Division, U.S. Department of Justice

        */s/ Anderson P. Heston*
        ANDERSON P. HESTON
        New York Bar No. 5177837
        Trial Attorney, Tax Division
        U.S. Department of Justice
        P.O. Box 55
        Washington, D.C.  20044
        202-307-6010 (v)
        202-514-5238 (f)
        Anderson.P.Heston@usdoj.gov